\* STATE OF OHIO EX REL. V. LACY, CONSTABLE.

1. REDUCING CLAIM FOR UNPAID PURCHASE MONEY TO JUDGMENT IS WAIVER OF CLAIM OF OWNERSHIP.

Reducing a claim for unpaid purchase price for goods sold on the installment plan to judgment, and levying execution upon the goods as the property of the vendee, amounts to a waiver of the claim of ownership by virtue of a conditional sale or chattel mortgage. and constitutes an election to treat the property as the property of the vendee, which shifts the title to him.

2. VENDEE IS ENTITLED TO EXEMPTION FROM SUCH PROPERTY.

Such vendee, therefore, not being the owner of a homestead and being entitled to an exemption in lieu thereof, is, upon levy of execution upon such judgment, entitled to have his exemption set off from the goods in question.

3. MANDAMUS IS THE REMEDY TO COMPEL ALLOWANCE OF EXEMPTION.

And if the constable, after making the levy, refuses to set off the exemption, he may be required to do so by a writ of mandamus.

MANDAMUS.

Relator bought a lot of furniture from A. J. Conroy & Co. for $464.92, payable in installments of $25 per month, and as a part of the transaction executed a chattel mortgage to secure the purchase money, duly sworn to as a chattel mortgage, and duly filed as such. The sale was conditioned that the title of the property should remain in Conroy & Co. until all the installments were paid. The relator paid $208. Conroy & Co. sued her for the remaining installments unpaid, and got a judgment before a magistrate for $267.16 and costs, and levied an execution on the property sold. The relator demanded of the constable that he set off to her the property levied on as exempt under the homestead laws, which the constable refused to do. A writ of mandamus was issued to compel him to do so. The relator claimed that upon the levy of execution upon the goods so sold, Conroy & Co. elected to treat the property as the

\*This case was dismissed by the Supreme Court, for failure to file printed record, Oct. 3, 1899. 6 Legal News, 149.

Hamilton Circuit Court.

property of the relator, and that the title shifted from the vendor to the vendee, and became absolute in her, and that she was, therefore, entitled to her exemption in lieu of homestead.

SMITH, J.

We are of the opinion that the relator is entitled to a writ as prayed for, requiring Lacy, as constable, to proceed under the statute to set off to her the exemptions to which she is by law entitled. He has in his possession, actual or constructive, and under his control as such constable, property levied on by him by virtue of an execution issued on a judgment recovered by A. J. Conroy & Co. against the relator, such levy having been made on such goods at the direction of said plaintiff in said judgment. This, we think, was a waiver of any claim by said Conroy & Co. to the ownership of said property by virtue of a chattel mortgage from Mrs. Armstrong, the relator, even if such claim were asserted in this action, as we understand it is not.

We find from the evidence in this case that Mrs. Armstrong is a resident of this state and city, and was so at the time of the levy of this execution, and ever since has been; that she is not the owner of a homestead, or of any real estate, and that she is a widow and the head of a family, and, therefore, under the statute that in lieu of a homestead she is entitled to hold exempt from execution on this judgment personal property to be selected by her, not exceeding $500 in value, in addition to the amount of other chattel property she may have which the law exempts. That this was the case when the execution was levied and the demand made upon the officer to set off to her her property as exempt, and that she had not, when said levy and demand were made, personal property of the value of $500. That said relator did make a legal and proper demand for such exemption, asking that the whole of said property be set off to her on the ground that the value of it and of all of her property was less than $500, which demand was refused.

The defendant will be required, therefore, to proceed according to law to ascertain the value of relator's said property, and set off to her so much thereof as is exempt from execution as is selected by her.

*L. H. Pummill*, for relator.

*Thomas L. Michie* and *J. C. Clore*, contra.

---

## THEATRES—TICKET SELLERS.

[Hamilton Circuit Court, January Term, 1899.]

King, Haynes and Parker, JJ.

[Of the Sixth Circuit, sitting in the First Circuit.]